USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/01/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAMEL C. CUENCAS,

Plaintiff,

-v-

C.O. RIVERA, et al.,

Defendants.

26-cv-5588 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Tramel C. Cuencas, who is self-represented and currently detained at the George R. Vierno Center at Rikers Island, requests that the Court appoint counsel for him. Dkt. No. 15. The request is denied without prejudice.

This case is at its earliest stages. The complaint was filed on June 26, 2026. Dkt. No. 1. On September 30, 2026, Defendants waived service. Dkt. Nos. 13–14. The Court grants the request that Defendants shall answer or otherwise respond to the complaint by November 30, 2026. Thereafter, the Court will schedule an initial pretrial conference. Accordingly, issue has not yet been joined in this case.

Unlike in criminal cases, there is no requirement in civil cases that courts provide indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, a court has "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Although a court has no authority to "appoint" counsel, it may instead "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). Because courts do not have funds to pay counsel in civil matters, courts must request the services of *pro bono* counsel sparingly, and with reference

to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

The relevant factors are set forth in *Hodge*, 802 F.2d at 60–62. The Court considers (1) whether plaintiff's position "seems likely to be of substance"; (2) whether the issues presented "might require substantial factual investigation" and "the indigent's ability to investigate the crucial facts"; (3) "the plaintiff's apparent ability to present the case" and "whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder"; (4) whether the "case's factual issues turn on credibility"; (5) whether the legal issues presented are complex; and (6) "any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id.*

At this early stage, the Court cannot make a finding that Plaintiff's claims are likely to be of substance, that they might require substantial factual investigation, that the legal issues presented are complex, or that there is any other special reason why appointment of counsel would be more likely to lead to a just determination. The motion accordingly is denied without prejudice to renewal no sooner than after Defendants have responded to the complaint.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 15 and to mail a copy of this Order to Plaintiff at the address reflected on the docket.

SO ORDERED.

Dated: October 1, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge